UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| MIDWEST CABINET SUPPLIERS, INC. )<br>)<br>)<br>PLAINTIFF )<br>)<br>VS. )<br>)<br>)<br>VERIZON WIRELESS SERVICES, LLC )<br>)<br>DEFENDANT ) | Civil Action No. 3:22-CV-493-DJH<br><br>ELECTRONICALLY FILED |

### COMPLAINT

Comes now the Plaintiff MIDWEST CABINET SUPPLIERS INC. ("Midwest" or "Plaintiff") by Counsel and for its Complaint against the Defendant VERIZON WIRELESS SERVICES, LLC ("Verizon" or "Defendant") hereby alleges and states as follows:

### PARTIES AND LOCATIONS

1. Plaintiff is, and was at all times set forth herein, a Kentucky Corporation, registered in good standing with the Kentucky Secretary of State and was at all relevant times set forth herein present and doing business in Kentucky and providing goods and services to Cellular Sales of Knoxville ("CSK") at locations outside Kentucky where CSK was, at all relevant times, present and doing business.

2. Defendant Verizon is, and was at all times referenced herein, a Delaware Limited Liability Company, with a principal office address in New Jersey, registered in good standing with the Kentucky Secretary of State, and present and doing business in Kentucky and throughout the United States.

### JURISDICTION AND VENUE

3. Plaintiff hereby restates and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully restated herein again in full.

4. This Court has jurisdiction over this action based upon federal question jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. § 15, as it involves claims for Defendant's violations of Subsection 1 of the Sherman Antitrust Act ( 15 U.S.C. § 1). This Court also has supplemental jurisdiction over any claims related to Defendant's conduct in violations of Kentucky law under 28 U.S.C. §1367.

5. Venue in this district is proper pursuant to 15 U.S.C. § 15, 15 U.S.C. § 22 and/or 28 U.S.C. §1391.

## OVERVIEW OF CLAIMS

6. Through its conduct as detailed hereinafter below the Defendant conducted, participated and/or engaged in an tying agreement with other parties which resulted in significant damage to Plaintiff's business, in violation of 15 U.S.C. § 1. Midwest has a private cause of action, upon which this Complaint is brought, against Verizon under provisions of 15 U.S.C. § 15, for the aforesaid conduct. The same conduct by Defendant aforesaid, also violated provisions of Kentucky law (KRS 367.175), for which Midwest has a private cause of action against Verizon under KRS 446.070 and applicable Kentucky precedents.

## BASIC FACTUAL ALLEGATIONS

7. Plaintiff hereby restates and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully restated herein again in full.

8. Prior to 2019 Midwest had an ongoing and long-standing business relationship with CSK, for many years, under which Plaintiff provided, manufactured and installed cabinets for all of CSK's retail cellular phone and services stores located in numerous locations in the United States.  That long-term business relationship with CSK made up a significant part of Plaintiff's cabinet manufacturing and installation business.

9. In late 2018 Verizon insisted that CSK had to enter into a new contract with

Defendant, in order to maintain CSK's business as an authorized Verizon retailer ("2018 Contract").

10. The provisions of the 2018 Contract between Verizon and CSK required that CSK purchase and install new cabinets for its retail stores–cabinets to be EXCLUSIVELY provided by an entity known as Infinity Retail ("Infinity").

11. While Midwest was capable of producing and installing cabinets of the same design and colors as those provided to CSK by Infinity, at comparable prices, CSK was mandated by the terms of the 2018 Contract to purchase and have installed cabinets for all of its retail stores ONLY from Infinity.

12. As a result of the 2018 Contract, in to maintain its business with Verizon, CSK terminated its long-term business relationship with Midwest and obtained all new cabinets for CSK's retail stores from Infinity.

13. The result of the aforesaid actions by Defendant was the loss of thousands of dollars of revenue to Plaintiff's business and the near total destruction of that business.

## COUNT I

14. Plaintiff hereby restates and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully restated herein again in full.

15. The aforesaid 2018 Contract is an illegal tying agreement, in violation of 15 U.S.C. § 1. That illegal tying agreement resulted in injury and damages to Plaintiff, for which Midwest has a private cause of action against Verizon under provisions of 15 U.S.C. § 15.

16. Based upon the aforesaid violations of 15 U.S.C. § 1, Midwest is entitled to recover from Verizon threefold the damages sustained by Plaintiff as a result of Verizon's conduct, the costs of this action and a reasonable attorney's fee under provisions of 15 U.S.C. § 15 (a)

## COUNT II

17. Plaintiff hereby restates and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully restated herein again in full.

18. The aforesaid 2018 Contract is an illegal tying agreement, in violation of Kentucky Revised Statutes ("KRS") 367.175.  That illegal tying agreement resulted injury and damages to Plaintiff, for which Midwest has a private cause of action against Verizon under provisions KRS 446.070 and applicable Kentucky common law.

19. Based upon the aforesaid violations of KRS 367.175 by Defendant, Midwest is entitled to recover from Verizon appropriate compensatory damages.

20. The conduct of Defendant in violation of KRS 367.175, as detailed above in this COUNT II, was undertaken with Oppression, Fraud, and/or Malice as defined in KRS 411.184.  Because of the aforesaid Oppression, Fraud, and/or Malice in the actions of Defendant, Plaintiff is entitled, in addition to compensatory damages, to an award of Punitive Damages against Verizon in this action in accord with KRS 411.186.

## COUNT III

21. Plaintiff hereby restates and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully restated herein again in full.

22. The aforesaid conduct by Verizon amounts to a tortious interference by Verizon with the longstanding prior business relationship between Plaintiff and CSK.

23. Based upon the aforesaid tortious interference with its business relationship with CSK,  Midwest is entitled to recover from Verizon appropriate compensatory damages.

24. The conduct of Defendant in interfering with the longstanding business

relationship between Midwest and CSK, as detailed above in this COUNT III, was undertaken with Oppression, Fraud, and/or Malice as defined in KRS 411.184. Because of the aforesaid Oppression, Fraud, and/or Malice in the actions of Defendant, Plaintiff is entitled, in addition to compensatory damages, to an award of Punitive Damages against Verizon in this action in accord with KRS 411.186.

WHEREFORE, the Plaintiff requests:

A. Trial by jury of all issues so triable;

B. An award of appropriate damages against the Defendant in amounts to be determined at trial;

C. Any and all other relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

/s/ Harry B. O'Donnell IV KY #83852
Watterson West Office Building
1941 Bishop Lane, Suite 706
Louisville, KY  40218-1937
(502) 386-1011
HODIV@AOL.COM
Counsel for Plaintiff

C:\DATA\CURRENT\MIDWEST-C\220915-COMPLAINT-FINAL.wpd